JS-6

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 14-02270-VAP (SPx)                              Date:  November 20, 2014

Title:     U.S. BANK, N.A., ETC. -v- BHAKTA, ET AL
===============================================================
PRESENT:           HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

     Marva Dillard                                         None Present
     Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                           ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

     None                                                       None

PROCEEDINGS:       MINUTE ORDER (1) REMANDING CASE TO CALIFORNIA
                            SUPERIOR COURT, SAN BERNARDINO COUNTY; (2)
                            DENYING MOTION TO REMAND (DOC. NO. 6) AS MOOT
                            (IN CHAMBERS)

     On October 6, 2014, U.S. Bank, N.A., ("Plaintiff") filed a "Verified Complaint for Unlawful Detainer" against Defendant Teresita Bhakta.  (<u>See</u> Complaint, attached to Not. of Removal (Doc. No. 1).)  On November 5, 2014, Defendant, appearing in <u>pro se</u>, removed the action on numerous grounds.  (<u>See</u> Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.  Accordingly, the Court DENIES Plaintiff's Motion to Remand (Doc. No. 6) as MOOT.

     Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus v.</u>

EDCV 14-02270-VAP (SPx)
U.S. BANK, N.A., ETC. v. BHAKTA, ET AL
MINUTE ORDER of November 20, 2014

<u>Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); <u>see also</u> <u>In re Ford Motor Co./Citibank</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

     Defendant alleges, in part, the basis for removal is federal question and diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  <u>See</u> <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

     Defendant first asserts that jurisdiction exists in this case under federal question jurisdiction because of a violation of the 14th Amendment of the United States Constitution and various other federal laws.  (Not. of Removal at 1, 7-8.)  As the Complaint in this matter raises a single claim for unlawful detainer, the Court must conclude that the Defendant intends to raise these claims as a defense.

     Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

     Defendant alleges diversity jurisdiction as a basis for removal.  From the face of the Complaint, however, Defendant does not meet the diversity of citizenship or amount in controversy requirements for diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332(a).  Defendant alleges that Plaintiff is not registered to do business in

EDCV 14-02270-VAP (SPx)
U.S. BANK, N.A., ETC. v. BHAKTA, ET AL
MINUTE ORDER of November 20, 2014

California, but does not allege Plaintiff's citizenship or that the parties are citizens of different States.  (Not. of Removal at 6-7.)  Defendant also does not allege that the amount in controversy exceeds the sum or value of $75,000.  Id.

Even if Defendant's Notice of Removal did affirmatively allege the Defendant's citizenship, Defendant cannot meet the amount-in-controversy requirement.  In unlawful detainer actions, only the right to possession is at issue, not the title to the property.  See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).  Thus, the amount-in-controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property.  Id.

Plaintiff filed this action as a "limited jurisdiction" case, where the amount-in-controversy does not exceed $10,000.  (See Compl. at 1.)  As such, this case cannot meet the $75,000 amount-in-controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332.

Defendant alleges original jurisdiction under 28 U.S.C. § 1343, Civil Rights and Elective Franchise, as another basis for removal.  Section 1343 gives federal district courts original jurisdiction over civil actions to recover damages under 42 U.S.C. § 1985; redress the deprivation by the State of any right, privilege or immunity secured by the Constitution; and to recover damages or equitable relief under any Act of Congress providing for the protection of civil rights.  28 U.S.C. § 1343(a).  From the face of the Complaint, Plaintiff's only claim is for unlawful detainer.  Unlawful detainer does not serve as a basis for original jurisdiction under Section 1343.

Defendant cites a number of other federal statues and rules, but none warrant removal in this instance.[1]

---

[1] Defendant also cites 28 U.S.C. §§ 1455, 1466; Federal Rule of Civil Procedure 5.1; and 12 U.S.C. §§ 3751, 3753, 3754, 3755, 3757, 3758, 373, and 3764.

**EDCV 14-02270-VAP (SPx)**
**U.S. BANK, N.A., ETC. v. BHAKTA, ET AL**
**MINUTE ORDER of November 20, 2014**

      Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

      **IT IS SO ORDERED.**